**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **DEMARCTRIE L. TOLBERT,** | : | **PRISONER HABEAS CORPUS** |
| **Petitioner,** | : | **28 U.S.C. § 2254** |
| | : | |
| **v.** | : | |
| | : | |
| **THEODORE JACKSON,** | : | **CIVIL ACTION NO.** |
| **Respondent.** | : | **1:13-CV-0946-TWT-AJB** |

**UNITED STATES MAGISTRATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

Petitioner, Demarctrie L. Tolbert, challenges via 28 U.S.C. § 2254 his February 8, 2009, Douglas County probation revocation. [Doc. 1.] By Order entered on April 1, 2013, the Court granted Petitioner *in forma pauperis* status and gave him thirty days in which to show cause why his petition should not be dismissed as untimely. [Doc 3.] As of May 22, 2013, Petitioner has not responded, and the matter is before the Court on submission of the above Order and for consideration of the petition under Rule 4 of the Rules Governing Section 2254 Cases ("Rule 4").[1]

[1] *See Day v. McDonough*, 547 U.S. 198, 209-10 (2006) ("[W]e hold that district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition. . . . Of course, before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions.").

AO 72A
(Rev.8/8
2)

Under Rule 4, federal district courts have authority to examine habeas petitions prior to any pleading by the respondent and "to dismiss summarily any habeas petition that appears legally insufficient on its face." *Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) (internal quotation marks omitted) (quoting *McFarland v. Scott*, 512 U.S. 849, 856 (1994)), *cert. denied*, _ U.S. _, 132 S. Ct. 1910 (2012).

## I. **Discussion**

Petitioner states that on February 8, 2009, his Douglas County probation was revoked based on the probation violations of armed robbery, aggravated assault, possession of a firearm by a convicted felon, possession of a firearm during the commission of a felony, and aggravated battery. [Doc. 1 at 1.] Petitioner states that he did not seek any review in the state courts of the revocation decision. [*Id*. at 2-4.] In his federal habeas corpus petition, filed on March 15, 2013,[2] Petitioner challenges the

[2] Generally, a prisoner filing may be deemed filed on the day that the prisoner delivered it for mailing to prison officials, which, absent evidence to the contrary, is presumed to be the date on which he signed it. *Day v. Hall*, 528 F.3d 1315, 1318 (11th Cir. 2008) (citing *Houston v. Lack*, 487 U.S. 266, 276 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001)).



AO 72A
(Rev.8/82)

probation revocation – which he completed serving on February 8, 2013 – and contends that it was obtained in violation of double jeopardy.[3] [*Id.* at 1, 6.]

**A. Jurisdiction**

Under § 2254, a federal court may issue a writ of habeas corpus on behalf of a person held in custody pursuant to a judgment of a state court if that person is held in violation of his rights under federal law. The requirement that a petitioner be "in custody" is jurisdictional. *Diaz v. Fla. Fourth Judicial Circuit ex rel. Duval Cnty.*, 683 F.3d 1261, 1263 (11th Cir. 2012) (quoting *Unger v. Moore*, 258 F.3d 1260, 1263 (11th Cir. 2001)). A petitioner is not "in custody" on a state sentence that has fully expired at the time he seeks federal habeas corpus relief. *Id.* at 1264 (quoting *Maleng v. Cook*, 490 U.S. 488, 492 (1989)).

Based on Petitioner's assertion that his revocation term expired in February 2013 (before he filed this petition), he is no longer in custody under the conviction that he seeks to challenge, and the Court is without jurisdiction to hear a challenge to the 2009 probation revocation.

---

[3] Although Petitioner mentions an indictment for the crimes for which his probation was revoked, he does not provide any information on that indictment or state that he wishes to challenge a conviction resulting from that indictment.



AO 72A (Rev.8/82)

**B. Timeliness**

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitations applies to a habeas corpus action attacking an underlying state conviction. Section 2244 of Title 28 states:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.



AO 72A
(Rev.8/82)

28 U.S.C. § 2244. In addition to the tolling provision in § 2244(d)(2), the one-year statute of limitations is subject to equitable tolling if the petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir.) (quoting *Holland v. Florida*, _ U.S. _, _, 130 S. Ct. 2549, 2562 (2010)) (internal quotation marks omitted), *cert. denied*, _ U.S. _, 132 S. Ct. 158 (2011). In addition, actual innocence may provide an "exceedingly narrow" exception to AEDPA's time limitations. *Id.* at 1268 (quoting *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001)) (internal quotation marks omitted); *see also Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1011 (11th Cir. 2012) ("[T]he alleged [actual innocence] exception for . . . untimeliness would require the petitioner (1) to present 'new reliable evidence . . . that was not presented at trial,' . . . and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." (citations omitted)), *cert. denied*, _ U.S. _, 133 S. Ct. 351 (2012).

This action also is untimely. There being no suggestion in the record before the Court that the provisions of subsections 2244(d)(1)(B)-(D) apply, the federal limitations period began to run when Petitioner's probation revocation "became final by the



AO 72A (Rev.8/82)

conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Petitioner did not file a direct appeal, his probation revocation became final on March 10, 2009, upon expiration of the thirty-day time period for seeking appellate review of that decision. *See* O.C.G.A. § 5-6-35(a)(5) and (d).

A review of Petitioner's pleadings reveals nothing that entitles him to additional time due to statutory or equitable tolling or the actual innocence exception. Accordingly, the federal limitations period expired, for Petitioner, on March 10, 2010. Petitioner's federal petition is untimely because he filed it in March 2013, approximately three years after the federal limitations period expired in 2010.

**II. <u>Certificate of Appealability ("COA")</u>**

Pursuant to Rule 11 of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." To satisfy that standard, a petitioner must demonstrate that "reasonable jurists could



AO 72A
(Rev.8/82)

debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Lott v. Attorney Gen.*, 594 F.3d 1296, 1301 (11th Cir. 2010) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)) (internal quotation marks omitted).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," . . . a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The undersigned recommends that a COA should be denied because, based on Petitioner's pleadings, it is not debatable that he is no longer in custody under the revocation decision that he seeks to challenge and that any challenge to that decision also is untimely. If the Court adopts this recommendation and denies a COA, Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts.



AO 72A
(Rev.8/82)

## III. Conclusion

**IT IS RECOMMENDED** that this action be **DISMISSED** pursuant to Rule 4.

**IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this 23rd day of May, 2013.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE



AO 72A (Rev.8/82)